By the Court:
Farley, the plaintiff, seeks to reverse the judgment of the court below, decreeing the specific execution of his written contract made with Palmer and wife for the purchase of her land. At the time of making the con *225 tract a deed was executed by Palmer and wife and placed in tbe hands of a third person, and by the terms of the contract this deed was to be delivered to Farley upon his paying the stipulated purchase-money. Upon Farley’s refusal to pay the money and receive the deed at the time agreed upon, Palmer and wife brought their action for a specific execution. And now it is contended that Farley was not bound by the contract, on the alleged ground that as Mrs. Palmer, being a married woman, was not bound, there was no mutuality of obligation. We think otherwise. Mrs. Palmer was bound. She had no power to revoke the deed. The person holding the deed was the agent of both parties, and his delivery, according to the terms of the contract, without her consent, or even after her death, would have been goqd. Indeed, the authorities show, that upon fulfilment of the -condition by Farley the title would have vested in him, ipso faeto, without further delivery. The contract was executed on the part of Mrs. Palmer — the title had passed from her — subject only to the performance of the condition on the part of Farley.

Motion overruled.